IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SARAH MONROY ACEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>ANGELICA ALFONSO-ROYALS, Acting Director of United States Citizenship and Immigration Services,<br><br>Defendant. | 8:25CV274<br><br>MEMORANDUM AND ORDER |

    Plaintiff Sarah Monroy Acevedo ("Monroy Acevedo") is a Guatemalan national who has resided in the United States for over two decades. On September 8, 2023, Monroy Acevedo was a victim of an aggravated assault in Grand Island, Nebraska. On May 29, 2024, she filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization ("Form I-765") with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p). She also submitted an I-918A Petition for Qualifying Family Member on behalf of her relative, Tulio Paz Leon ("Paz Leon"), who then filed his own Form I-765.

    She eventually filed this *pro se* complaint (Filing No. 1) on April 11, 2025, claiming the USCIS has yet to fully adjudicate those requests.[1] Although the USCIS has issued a bona fide determination and work authorization to Monroy Acevedo, she complains it has failed to act on Paz Leon's applications. *See* 8 U.S.C. § 1184(p)(6)

---

[1]Monroy Acevedo names Ur Jaddou ("Jaddou") as the defendant to her lawsuit. The current Acting Director of the USCIS is Angelica Alfonso-Royals ("Alfonso-Royals"). Pursuant to Federal Rule of Civil Procedure 25(d), the Court has substituted Alfonso-Royals for Jaddou as the named defendant in this matter.

(stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Monroy Acevedo asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and asks the Court to order the USCIS to "to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." *See Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief).

Now before the Court is the USCIS Director's (the "Director") Motion to Dismiss (Filing No. 4) Monroy Acevedo's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the reasons explained in *Patel v. Director, USCIS*, No. 8:25CV59, 2025 WL 1655294, at *3-*4 (D. Neb. June 11, 2025), the Court agrees with the Director that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of Monroy Acevedo's claim. Because the Court lacks jurisdiction over this matter,

IT IS ORDERED:
1. The Director of United States Citizenship and Immigration Services's Motion to Dismiss (Filing No. 4) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.
3. Plaintiff Sarah Monroy Acevedo's complaint (Filing No. 1) is dismissed without prejudice.
4. A separate judgment will issue.

Dated this 8th day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge